| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY, COLORADO<br>201 Laporte Avenue<br>Fort Collins, CO 80521 | |
| | DATE FILED<br>November 12, 2025 4:06 PM<br>FILING ID: 6513F79551DD5<br>CASE NUMBER: 2025CV31063 |
| Plaintiff:    Caroll McDevitt<br><br>v.<br><br>Defendant:  State Farm Mutual Automobile<br>                      Insurance Company | ▲COURT USE ONLY▲ |
| Counsel For Plaintiff<br>Joseph A. Sirchio, Reg. No. 44675<br>Matthew E. Bennett, Reg. No. 52705<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number:  (303) 759-5203<br>E-Mail: sirchioj@fdazar.com; bennettma@fdazar.com | Case No.<br><br>Division: |
| **COMPLAINT** | |

Plaintiff, Carol McDevitt, by and through her attorneys, Joseph A. Sirchio and Matthew E. Bennett of Franklin D. Azar & Associates, P.C., for her Complaint against Defendant State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm"), states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Carol McDevitt (hereinafter, "Ms. McDevitt") is an individual and resident of the State of Iowa.

2. At the time of the collision Ms. McDevitt was living in Colorado.

3. Ms. McDevitt's treated for her collision related injuries in Colorado.

4. Upon information and belief, State Farm is a corporation doing business in Colorado.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6. The collision which injured Ms. McDevitt occurred in Larimer County, Colorado.

7. Venue is proper in this judicial district.

## **GENERAL ALLEGATIONS**

8. On November 18, 2023, Ms. McDevitt was injured in a motor-vehicle collision.

9. Ms. McDevitt was a passenger in a 2017 Chevrolet Suburban.

10. On November 18, 2023, Lola Cheney was driving a 2016 Honda Civic.

11. At the intersection of Columbia Road and South College Avenue in Fort Collins, Colorado, Ms. Cheney ran a red light and collided with the 2017 Chevrolet Suburban, the Suburban had a green light.

12. Ms. Cheney was at fault for the collision.

13. The Chevrolet Suburban was knocked onto its roof.

14. Ms. McDevitt was injured in the collision.

15. Ms. McDevitt did not contribute to the collision.

16. Ms. McDevitt did not contribute to her injuries.

17. Ms. Cheney's negligent conduct caused injury to Ms. McDevitt.

18. Ms. Cheney was insured through Progressive Insurance.

19. Ms. Cheney's liability limits were $50,000 per person.

20. With State Farm's permission Ms. McDevitt settled with Ms. Cheney's liability carrier, Progressive Insurance, for the Progressive liability limits of $50,000.

21. Ms. McDevitt was insured through State Farm on November 18, 2023.

22. Ms. McDevitt's policy with State Farm is identified by number 3184544-C15-15B.

23. Ms. McDevitt's State Farm policy includes $100,000 in underinsured motorist ("UIM") coverage.

24. Ms. McDevitt submitted medical records to State Farm.

25. Ms. McDevitt submitted medical bills to State Farm.

26. Ms. McDevitt has fully cooperated with State Farm.

27. State Farm has never advised Ms. McDevitt that she is failing to cooperate with State Farm.

28. State Farm has never alleged that Ms. McDevitt has failed to mitigate her damages.

29. State Farm adjusters are trained to evaluate economic damages.

30. State Farm adjusters are trained to evaluate non-economic damages.

31. State Farm had not paid Ms. McDevitt any UIM benefits.

32. State Farm has valued Ms. McDevitt's UIM claim to have a value of $21,000 or more.

33. State Farm does not dispute that Ms. McDevitt's UIM claim has a value of more than $1.

34. State Farm is required to pay non-economic damages when such damages are not subject to reasonable dispute.

35. It is unreasonable that State Farm has paid Ms. McDevitt zero in UIM benefits.

36. It is unreasonable that State Farm has paid Ms. McDevitt zero in non-economic damages.

37. State Farm will pay damages for bodily injury caused by accident which the insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle.

38. State Farm has no legal basis to differentiate how it pays its insureds economic and non-economic damages.

39. State Farm is withholding benefits from Ms. McDevitt to force her to settle her claim.

40. Ms. McDevitt has no duty to negotiate with State Farm.

41. State Farm agrees that Ms. McDevitt suffered pain as result of the collision.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract -
### Claim for Underinsured Motorist Benefits Against Defendant State Farm)

42. Ms. McDevitt incorporates all prior allegations as though fully set forth herein.

43. Sometime prior to the collision, Ms. McDevitt, entered into a contract with State Farm for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured and underinsured motorists. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to State Farm.

44. Ms. McDevitt has advised State Farm of a claim for underinsured motorist benefits for this incident under its policy of insurance and has otherwise fully cooperated with State Farm in connection with the claim.

45. Ms. McDevitt is an intended beneficiary of State Farm's insurance policy/contract and is therefore entitled to enforce its terms.

46. Ms. McDevitt is entitled to be compensated by State Farm for all damages she has incurred, including pain, suffering, loss of enjoyment of life, permanency and/or impairment, and disability, and past and future medical expenses under the underinsured motorist coverage of the policy.

47. State Farm has failed to adequately compensate Ms. McDevitt for her damages and, as a result, has breached the terms of the contract to which Ms. McDevitt is an intended beneficiary.

## SECOND CLAIM FOR RELIEF
### (First Party Statutory Claim under C.R.S. §§ 10-3-1115 & 1116)

48. Ms. McDevitt incorporates all prior allegations as though fully set forth herein.

49. State Farm has denied and delayed payment of underinsured motorist benefits to Ms. McDevitt without a reasonable basis for its action.

50. State Farm's unreasonable position and conduct has caused Ms. McDevitt damage by the loss of the compensation that is due to her and which State Farm should have previously paid to her.

51. In accordance with C.R.S. §10-3-1116, Ms. McDevitt is entitled to recover from State Farm two times the covered underinsured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
### (Common Law Bad Faith Breach of Insurance Contract Against Defendant State Farm)

52. Ms. McDevitt incorporates all prior allegations as though fully set forth herein.

53. State Farm owed Ms. McDevitt a duty to act in good faith in reviewing, adjusting, and settling her claims.

54. State Farm breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:
    (a) Compelling Ms. McDevitt to institute litigation to recover amounts due to her under the underinsured motorist bodily injury liability benefits afforded Ms. McDevitt under the insurance policy by undervaluing the extent of her damages;
    (b) Favoring the interests of State Farm, an insurer, over those of Ms. McDevitt, an

    insured, to whom State Farm owes statutory duties; and
(c)  Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Ms. McDevitt suffered at the hands of an underinsured motorist.

55.  State Farm's actions are unreasonable.

56.  State Farm knew on or before January 1, 2025, that it was legally required to pay undisputed non-economic damages to Ms. McDevitt.

57.  State Farm knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

58.  As a direct result of State Farm's breaches of its duties to its insured, Ms. McDevitt has been damaged including, but not necessarily limited to:
(a)  Being forced to incur additional costs in litigation;
(b)  Enduring the emotional trauma of being unnecessarily involved in a lawsuit with State Farm; and
(c)  Being deprived of the use of funds.

WHEREFORE, Ms. McDevitt respectfully request that this Court enter judgment against the Defendant, and in her favor for actual damages in an amount to be determined at the time of trial, twice the covered benefits unreasonably delayed or denied, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

Respectfully, submitted on this 12th day of November, 2025.

               FRANKLIN D. AZAR & ASSOCIATES, P.C.

               By: */s/ Joseph A. Sirchio*
               Joseph A. Sirchio, Reg. No. 44675
               ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
21814 Rockdale Road, Maquoketa IA 52060

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*